UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF TRIDENT BUILDING SYSTEMS, LLC, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * * | Civil Action No. 23-cv-11218-ADB |
| CTA CONSTRUCTION MANAGERS, LLC, CTA CONSTRUCTION COMPANY, INC., AND NATIONWIDE MUTUAL INSURANCE COMPANY, | * * * * * * | |
| Defendants. | * * | |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

The United States of America for the use and benefit of Trident Building Systems, LLC

("Plaintiff" or "Trident"), filed this action against CTA Construction Managers, LLC ("CTA

Managers"), CTA Construction Company, Inc. ("CTA Construction"), and Nationwide Mutual

Insurance Company ("Nationwide") (collectively, "Defendants"), claiming that Trident was not

compensated for the work rendered to Defendants pursuant to a contract between the parties.

[ECF No. 1 ("Complaint" or "Compl.") at 3–6].  Trident brings claims for breach of contract and

quantum meruit against Defendants CTA Managers and CTA Construction and seeks recovery

on the Miller Act bond against Nationwide.[1]  [Id.].  CTA Managers brought counterclaims against Trident, alleging breach of contract and breach of the implied covenant of good faith and fair dealing.  [ECF No. 12 ("Counterclaim Complaint" or "Counterclaim Compl.") at 8–10].  Currently pending before the Court is Trident's motion to dismiss the Counterclaim Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [ECF No. 15].  For the reasons set forth below, the motion is GRANTED.

## I.      BACKGROUND

### A.      Factual Background

The following facts are drawn from the Counterclaim Complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating Trident's motion to dismiss. See Ruivo v. Wells Fargo Bank, 766 F.3d 87, 90 (1st Cir. 2014).

CTA Managers entered into a written contract (the "Contract") with Trident "whereby Trident agreed to supply certain materials, tools and equipment to the project known as New Human Engineering Lab, U.S. Army Natick Soldier Systems Cetner [sic] in Natick, Massachusetts (the 'Project')."  [Counterclaim Compl. ¶ 5].  The terms of the Contract provided that Trident was "to perform its scope of work in accordance with CTA Managers' directions and the governing contractual terms prescribed in the Contract."  [Id. ¶ 6].  CTA Managers alleges that Trident "failed and/or refused" to supply the materials, tools, and equipment "in accordance with the Contract," and, subsequently, to "properly rectify its defective supply of

---

[1] The Miller Act requires prime contractors on federal construction projects to furnish payment bonds.  40 U.S.C. § 3131(b)(2).

materials, tools and equipment on the Project."  [Id. ¶¶ 8–9].  As a result of Trident's conduct, CTA Managers contends that it "incurred significant loss and/or damages."  [Id. ¶ 10].

### B.    Procedural History

On May 31, 2023, Trident filed the Complaint against all three Defendants in this Court. See [Compl.].  CTA Managers filed an answer, affirmative defenses, and counterclaims on October 2, 2023.  [Counterclaim Compl.].  On October 23, 2023, Trident moved to dismiss the counterclaims, [ECF No. 15], which CTA Managers opposed on November 6, 2023, [ECF No. 17 ("Opp'n")].

## II.    DISCUSSION

### A.    Legal Standard

On a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff-in-counterclaim's theory, and draw all reasonable inferences from those facts in favor of the plaintiff-in-counterclaim.  See United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  While detailed factual allegations are not required, a counterclaim complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citations omitted).  The facts alleged must be sufficient to "state a claim to relief that is plausible on its face."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).  Importantly, "a court may not look beyond the facts alleged in the complaint,

documents incorporated by reference therein and facts susceptible to judicial notice." <u>MIT Fed.</u>
<u>Credit Union v. Cordisco</u>, 470 F. Supp. 3d 81, 84 (D. Mass 2020).

When assessing the sufficiency of a counterclaim complaint, the Court first "separate[s]
the [pleading's] factual allegations (which must be accepted as true) from its conclusory legal
allegations (which need not be credited)." <u>A.G. ex rel. Maddox</u>, 732 F.3d at 80 (quoting
<u>Morales-Cruz v. Univ. of P.R.</u>, 676 F.3d 220, 224 (1st Cir. 2012)).  Next, the Court
"determine[s] whether the remaining factual content allows a 'reasonable inference that the
[defendant-in-counterclaim] is liable for the misconduct alleged.'" <u>Id.</u> (quoting <u>Morales-Cruz</u>,
676 F.3d at 224).

### 1.    Count I: Breach of Contract

Count I of the Counterclaim Complaint alleges that Trident "materially and willfully
breached the terms" of the Contract.  [Counterclaim Compl. ¶ 14].  Trident seeks to have Count I
dismissed on the ground that it is "wholly insufficient to survive a motion to dismiss," [ECF No.
16 at 3], because, among other things, the allegation is conclusory and fails to specify both the
contract at issue and any contractual provision that was allegedly breached.  [<u>Id.</u> at 3–4].  As
such, Trident avers, the Counterclaim Complaint is "missing the most basic information."  [<u>Id.</u> at
4].  In response, CTA Managers emphasizes that the Counterclaim Complaint arises from the
same transaction as the Complaint and suggests that the contract and obligations at issue are
therefore "clearly identified."  [Opp'n at 5].  It further points to the liberal notice pleading
standard under Federal Rule of Civil Procedure 8, which requires no more than "a short and plain
statement," which, it contends, is satisfied.  [<u>Id.</u> at 3–5].

To state claim for breach of contract, a plaintiff must allege that a valid, binding contract
existed, that defendant breached the terms of the contract, and that plaintiff sustained damages as

a result of the breach.  See Michelson v. Digit. Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999).  To survive dismissal, a plaintiff "must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with 'substantial certainty,' the specific contractual promise the defendant failed to keep."  Brooks v. AIG SunAmerica Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007) (citing Buck v. Am. Airlines, Inc., 476 F.3d 29, 38 (1st Cir. 2007)); see also Higgins v. Town of Concord, 246 F. Supp. 3d 502, 518 (D. Mass. 2017) ("[A] complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." (quoting Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 66–67 (1st Cir. 2004))).  This "irreducible minimum" requires the pleader to "explain what obligations were imposed on each of the parties by the alleged contract."  Buck, 476 F.3d at 38 (citations omitted); see Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) (finding that "[c]onclusory statements that '[defendants] failed to meet their contractual requirement' . . . are insufficient" to survive a motion to dismiss).

As a threshold matter, CTA Managers does not explain what contract it is referring to. That alone is fatal to its breach of contract claim.  See Higgins, 246 F. Supp. 3d at 518 (dismissing breach of contract claim where complaint "fail[ed] to identify what 'contract' is at issue" and conclusory allegations were "too vague and imprecise" to state a plausible claim). Even assuming arguendo that the October 21, 2020 contract, see [Compl. ¶ 13], is incorporated by reference, see supra, CTA Managers still fails to adequately plead a claim of breach of contract.  The Counterclaim Complaint states only that Trident failed to supply materials, tools, and equipment, but does not set forth any details of the alleged conduct, such as when the alleged misconduct occurred, what it involved, the dollar amount for which Trident was contracted to supply goods, and the responsibilities and obligations imposed on CTA Managers by the

contract.  See generally [Counterclaim Compl.].  Rather, the Counterclaim Complaint provides "nothing more" than "that there was a contract and that it was breached," resulting in CTA Managers incurring damages."  Mass. Highway Dep't v. Walsh Constr. Co., No. 01-cv-5746, 2002 WL 1489866, at *2 (Mass. Super. Ct. June 18, 2002).  CTA Managers has therefore failed to state a claim for breach of contract.

### 2.    Count II: Breach of Implied Covenant of Good Faith and Fair Dealing

Because CTA Managers has failed to allege a breach of contract, "there can be no claim for a breach of an implied covenant of good faith and fair dealing."  Hum. Res. Dev. Press, Inc. v. Ikon Off. Sols. Co., No. 05-cv-30068, 2006 WL 149043, at *9 (D. Mass. Jan. 12, 2006).  Accordingly, the Court dismisses Count II.

### B.    Leave to Amend

In its opposition, CTA Managers asks that if the Court dismisses any of its claims, it also grant them leave to amend.  [Opp'n at 3–4, 6].  The Court notes that CTA Managers did not "avail [itself] of [its] vested opportunity to amend as of right."  Fisher v. Kadant, Inc., 589 F.3d 505, 507 (1st Cir. 2009).  Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-one days after a motion to dismiss or answer has been filed.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may only amend the pleading "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15 instructs that leave to amend should be "freely give[n] . . . when justice so requires."  Id.  "[E]ven so, [a] district court enjoys significant latitude in deciding whether to grant leave to amend."  ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).  "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory

motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).

As an initial matter, the Court notes that the instant case is distinguishable from Wired Informatics, LLC v. OmniMD Inc., cited by CTA Managers in support of its proposition that the Court should grant its motion to amend the Counterclaim Complaint.  [Opp'n at 4]; No. 19-cv-10019, 2019 WL 3429486 (D. Mass. July 30, 2019).  There, the Court granted plaintiff-in-counterclaim's motion to amend its pleadings for counts of fraud and breach of contract.  Wired Informatics, 2019 WL 3429486, at *3, *5.  For the fraud claim, the Court concluded that while it did not "stand as pled," under the heightened standard in fraud cases under Rule 9(b), "the allegation of fraud [was] not implausible," thus warranting leave to amend the pleading.  Id. at *3 (citing N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 16 (1st Cir. 2009) (observing that where a court finds a deficiency under Rule 9(b), "leave to amend is often given, at least for plausible claims")).  With regard to the breach of contract claim, the Court considered two alternative legal theories, and found that the defect could be remedied in an amended pleading.  Id. at *5.  Importantly, the counterclaim complaint in Wired Informatics contained a more fulsome factual recitation, attached a copy of the contract at issue, and included other relevant documents as exhibits.  See generally Wired Informatics, LLC, 2019 WL 3429486.  Here, on the other hand, CTA Managers has provided no indication of what the amended Counterclaim Complaint would say or what documents it would rely on.  See generally [Opp'n]; McLeod v. Fessenden Sch., 624 F. Supp. 3d 36, 44 (D. Mass. 2022).  Thus, the Court denies CTA Managers' request to amend the Counterclaim Complaint on the current record, but without prejudice.

**III.**      **CONCLUSION**

Accordingly, Trident's motion to dismiss, [ECF No. 15], is <u>GRANTED</u>, and CTA

Managers' motion for leave to amend the Counterclaim Complaint, [ECF No. 17], is <u>DENIED</u>

without prejudice.

**SO ORDERED.**

July 11, 2024                                                  <u>*/s/ Allison D. Burroughs*</u>
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE